IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEXANDER A VELASQUEZ,

    Plaintiff,

  v.                                                                                          No. 17-CV-00274-LH-WPL

STEVEN ARIAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915A, on Plaintiff Alexander A Velasquez's Complaint To Recover Damages For Injury, which was removed from the Second Judicial District Court of the State of New Mexico pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) on March 1, 2017. [Doc. 1] Plaintiff is incarcerated and appears pro se. For the reasons explained below, Plaintiff's complaint will be dismissed without prejudice and Plaintiff will be granted thirty (30) days from the date of entry of this order to file an amended complaint.

**I.    BACKGROUND**

On January 10, 2017, Plaintiff filed a Complaint to Recover Damages for Injury against Defendant Steven Arias, an officer employed by the Albuquerque Police Department, in the Second Judicial District Court of the State of New Mexico. [Doc. 1-1] Plaintiff's complaint alleges that Defendant Arias "used excessive and unnecessary force" when he arrested Plaintiff for an alleged homicide on May 31, 2016. [Doc. 1-1 at 1] Specifically, Plaintiff's complaint alleges that Defendant Arias deliberately and indifferently handcuffed him in such a manner as to cause "excruciating pain" and "visible disfigurement of [his] left wrist." [Doc. 1-1 at 2]

Attached to Plaintiff's complaint was a transcription of Plaintiff's interview with the police, which reflects that Plaintiff's wrist was assessed by paramedics after his arrest and it was determined that Plaintiff "did not need to be transported to any local hospitals," but should treat his discomfort with ice.[1] [Doc. 2-1 at 20] Plaintiff seeks compensatory and punitive damages in the amount of $25,000. [Doc. 1-1 at 4] On March 1, 2017, Defendant Arias removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) on the basis of federal question jurisdiction. [Doc. 1 at 2]

Title 28 of the United States Code, section 1915A(a) provides that the Court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," in relevant part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

---

[1] In assessing the sufficiency of a complaint, the Court may consider documents attached to a complaint and incorporated by reference. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Construed liberally, Plaintiff's complaint appears to seek recovery under 42 U.S.C. § 1983 for Defendant Arias' alleged use of excessive force in handcuffing Plaintiff.[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Fourth Amendment to the United States Constitution, which is applicable to the states via the Fourteenth Amendment, protects individuals from unreasonable seizures. *See* U.S. Const. amend. IV. "[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). The "inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to underlying intent or motivation." *Id.* at 396. To determine whether an officer's use of force was objectively reasonable under the

---

[2] Plaintiff's complaint does not appear to challenge the constitutionality of Plaintiff's arrest; rather it appears to allege only that the manner in which the arrest was effectuated violated Plaintiff's constitutional right to be free from excessive force. *See Cortez v. McCauley*, 478 F.3d 1108, 1127-28 (10th Cir. 2007) (recognizing that the constitutional claims of unlawful arrest and excessive force are "separate and independent") (en banc).

3

circumstances, the Court should consider the following factors: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

The United States Court of Appeals for the Tenth Circuit has recognized that "in nearly every situation where an arrest is authorized, or police reasonably believe public safety requires physical restraint, handcuffing is appropriate." *Fisher v. City of Las Cruces*, 584 F.3d 888, 896 (10th Cir. 2009). However, even where handcuffing is appropriate, the "*manner* of handcuffing may render the application of force excessive." *Id.* (emphasis in original). Specifically, "unduly tight handcuffing can constitute excessive force where a plaintiff alleges some actual injury from the handcuffing and alleges that an officer ignored a plaintiff's timely complaints (or was otherwise made aware) that the handcuffs were too tight." *Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007) (en banc). The plaintiff's actual injury may be either "physical or emotional,' but it must be more than de minimus. *Id.* For example, a plaintiff's complaint of "fleeting discomfort" or "red marks or swelling that disappear in a few hours or days," *Fisher*, 584 F.3d at 900, "is insufficient, as a matter of law, to support an excessive force claim if the use of handcuffs is otherwise justified," *Cortez*, 478 F.3d at 1129.

In the present case, the factual allegations in Plaintiff's complaint are insufficient to support an excessive force claim. First, Plaintiff fails to allege that he made a timely complaint to Defendant Arias about the handcuffs or that Defendant Arias otherwise was made aware that the handcuffs were too tight. *See Lyons v. City of Xenia*, 417 F.3d 565, 576 (6th Cir. 2005) (holding that the plaintiff failed to state a claim for excessive force, in relevant part, because the plaintiff failed to complain about the tightness of the handcuffs to the officers). Second, the allegations in Plaintiff's complaint fail to rise to the level of an actual injury. Although Plaintiff

alleges that the tightness of the handcuffs caused him physical pain and left visible marks on his wrists, these allegations, standing alone, are "insufficient, as a matter of law, to support an excessive force claim." *Cortez*, 478 F.3d at 1129. Therefore, Plaintiff's § 1983 claim against Defendant Arias will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A(b)(1).

Because Plaintiff's complaint fails to state a claim for the alleged violation of Plaintiff's Fourth Amendment rights under the United States Constitution, it also fails to state a claim for personal and bodily injury arising out of the alleged Fourth Amendment violation under the New Mexico Tort Claims Act. *See* N.M.S.A. 1978, § 41-4-12 (providing that law enforcement officers acting within the scope of their duties are not immune from liability for personal or bodily injury resulting from, in relevant part, "the deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States"); *see also Wells v. Valencia County*, 644 P.2d 517, 521 (N.M. 1982) (holding that "the federal remedy under Section 1983 for deprivation of constitutional rights is supplementary to a state remedy"); *Benavidez v. Shutiva*, 350 P.3d 1234, 1247-48 (N.M. App. 2015) (analyzing the plaintiff's § 1983 excessive force handcuffing claim and his derivative New Mexico Tort Claims Act claim under the *Cortez* standard). Thus, to the extent that Plaintiff's complaint raises a claim against Defendant Arias for personal and bodily injury under the New Mexico Tort Claims Act, this claim also will be dismissed under § 1915A(b)(1) for failure to state a claim on which relief may be granted.

Plaintiff may be able to cure the deficiencies in his complaint with additional factual allegations and, therefore, the Court will permit Plaintiff an opportunity to file an amended complaint within thirty (30) days of the date of entry of this Memorandum Opinion and Order.

Failure timely to file an amended complaint may result in the dismissal of this action without further notice.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Complaint To Recover Damages For Injury [Doc. 1-1] is DISMISSED without prejudice and Plaintiff may file an amended complaint within thirty (30) days of the date of entry of this Memorandum Opinion and Order;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to send to Plaintiff, together with a copy of this Memorandum Opinion and Order, a form § 1983 complaint, with instructions.

_____
SENIOR UNITED STATES DISTRICT JUDGE